

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

November 30, 1973

The Honorable Joe Max Shelton
County Attorney
Grayson County
Sherman, Texas

Opinion No. H-167

Re: Authority of adult
probation officers,
county attorneys and
their assistants to
carry pistols

Dear Mr. Shelton:

You have asked our opinion on the authority of adult probation officers and of county attorneys and their assistants to carry pistols in carrying out certain official duties.

Article 483 of the Texas Penal Code prohibits the carrying of certain weapons including a pistol. There are several exemptions from its operation, among them "any peace officer in the actual discharge of his official duty." Article 484, V.T.P.C. The term "peace officer" is defined in Article 2.12 of the Texas Code of Criminal Procedure as follows:

"The following are peace officers;

"(1) Sheriffs and their deputies.

"(2) constables and deputy constables.

"(3) marshals or police officers of an incorporated city, town, or village.

"(4) rangers and officers commissioned by the Public Safety Commission and the Director of the Department of Public Safety.

"(5) investigators of the district attorneys', criminal district attorneys', and county attorneys' offices.

"(6) law enforcement agents of the Alcoholic
Beverage Commission.

"(7) each member of an arson investigating
unit of a city, county, or the state.

"(8) any private person specially appointed to
executive criminal process.

"(9) officers commissioned by the governing
board of any state institution of higher
education, public junior college or the
Texas State Technical Institute.

"(10) officers commissioned by the Board of Control

"(11) game management officers commissioned by
the Parks and Wildlife Commission. "

We recognize that, although adult probation officers ordinarily are
not peace officers, they are legally empowered to arrest a probationer
without a warrant when ordered to do so by the judge of the court who has
jurisdiction of the probationer's case. Article 42.12, § 8, V. T. C. C. P.
When so acting they have the same rights as "peace officers" that other
private individuals would have under the provisions of § (8) of Article 2.12
of the Texas Code of Criminal Procedure.

Accordingly, we hold that an adult probation officer may be a peace
officer exempt from the provisions of Article 483 of the Texas Penal Code,
under some circumstances.

Your second question concerns county attorneys and their assistants
in the conduct of investigation. Section (5) of Article 2.12 defines as among
peace officers, "investigators of the district attorneys', criminal district
attorneys', and county attorneys' offices. "

We believe that persons "of" a county attorney's office, including
the county attorney and his assistants, while engaged in investigative
work, would be classified as peace officers under this provision and thus

exempt from the provisions of Article 483 of the Texas Penal Code. We do not feel that it matters whether the office has special investigators; the crucial test is whether the attorney is carrying out an investigation. However, it should be noted that Article 484 of the Penal Code exempts peace officers from the operation of Article 483 only "in the actual discharge of his official duty;" thus, only during actual investigations would a county attorney or assistants be entitled to carry a pistol.

Our opinion as to probation officers as well as county attorneys is further qualified by the provisions of § 6a of Article 4413(29aa), V. T. C. S. , which establishes certain minimum standards for employment as a peace officer in both permanent and temporary capacities. Except for peace officers employed on a permanent basis before September 1, 1970, all permanently employed peace officers must meet educational requirements prescribed by the Commission within one year of the appointment. Art. 4413 (29aa), § 6(a), (b). Persons may not be appointed as peace officers on even a temporary basis unless they meet certain age, physical, and mental requirements prescribed by the Commission. Art. 4413 (29aa), § 6(c). Any person who accepts appointment as a peace officer or any person who appoints or retains an individual as a peace officer in violation of the above mentioned requirements shall be fined from $100 to $1000. Art. 4413 (29aa), § 6(e). There is no special definition of "peace officer" in this Section, so that the application definition would seem to be that contained in Art. 2.12 of the Code of Criminal Procedure. These provisions would apply to assistant county attorneys but not to county attorneys who are exempt under § 6(f) of the Act.

### S U M M A R Y

Adult probation officers may be peace officers in connection with certain of their official duties and may be entitled to carry a pistol as an exemption to Article 483, Texas Penal Code, while carrying out orders of a court to arrest a probationer without a warrant. County attorneys and their assistants may act as peace officers while in the conduct of criminal investigations, and at such times would be exempt from the provisions of Article 483, Texas Peanl Code. Probation officers and assistant county attorneys would be

subject to the minimum standard provisions of Article 4413(29aa), V.T.C.S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee